FILED
2013 Apr-18  AM 10:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHERYL BISHOP, an individual,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No.:** |
| **CITIBANK, NA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for her Complaint against the Defendant:

1.    This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), out of state law violations and out of the invasions of Plaintiff's personal and financial privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff when Plaintiff does not owe this debt.

## JURISDICTION

2.    Personal jurisdiction exists over Defendant Citibank, NA as it has the necessary minimum contacts with the State of Alabama and this suit arises out of its specific conduct with Plaintiff in Alabama.

3.      Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) as suit is brought under federal law (TCPA).

4.      Subject matter jurisdiction exists through diversity jurisdiction (28 U.S.C. Section 1332) as the amount claimed exceeds $75,000.00 and the parties are completely diverse.

## VENUE

5.      Venue is proper as Plaintiff lives in this judicial district, the events took place in this judicial district, and the Defendant Citibank, NA does business in this judicial district.

## PARTIES

6.      Plaintiff Cheryl Bishop (hereinafter "Plaintiff") is a natural person who is a resident and citizen of Alabama in this judicial district.

7.      Defendant Citibank, NA ("Defendant" or "Citibank[1]") is a foreign company that is incorporated in South Dakota and has its principal place of business in South Dakota.

## FACTUAL ALLEGATIONS

8.      Plaintiff allegedly incurred a financial obligation to Defendant.

9.      Plaintiff discovered that Citibank was reporting on her credit report.

10.     This surprised Plaintiff as she did not have any loans with Citibank.

11.  Plaintiff contacted Citibank to find out why it was reporting on her credit report.

12.  Citibank explained that Plaintiff owed a large amount on a credit card.

13.  Plaintiff told Citibank that she had not taken out any such credit card and did not owe the debt.

14.  Plaintiff was not and is not responsible for this debt.

15.  Citibank promised to investigate this matter and Plaintiff sent documentation to Citibank showing that this was not her debt.

16.  Plaintiff never supplied her cell phone number to Citibank when the transaction was initiated as Plaintiff did not initiate any such transaction.

17.  Additionally, Plaintiff's cell phone number was not even assigned to Plaintiff when the fraudulent Citibank account was opened.

18.  Despite this, Citibank has repeatedly contacted Plaintiff through the use of robo dialers, auto dialers, pre-recorded messages, or machine-generated voices.

19.  All such calls, whether resulting in a conversation, the leaving of a voice mail, or whether such calls were unanswered, all violate the TCPA.

20.  The number of calls exceeds 100 calls.

---

[1] "Citibank" or "Defendant" means the named Defendant directly or through its debt collectors, employees and agents that took any collection action against Plaintiff.

21.  Plaintiff believes that the amount, when full documentation is obtained, will exceed 300 calls.

22.  Citibank knew that it had no right to violate the TCPA against Plaintiff.

23.  Citibank knew that it had no permission to contact Plaintiff on her cell phone in this manner.

24.  Citibank knows that this was not Plaintiff's debt.

25.  Citibank has decided, however, to unleash this barrage of harassing phone calls in order to force Plaintiff into paying a debt that Plaintiff does not owe.

26.  Defendant illegally used an autodialer to call Plaintiff's cell phone without permission to do so in violation of the TCPA.

27.  Defendant illegally used a predictive dialer to call Plaintiff's cell phone without permission to do so in violation of the TCPA.

28.  Defendant illegally used pre-recorded calls to call Plaintiff's cell phone without permission to do so in violation of the TCPA.

29.  Plaintiff never gave Defendant permission to call Plaintiff's cell phone with an autodialer.

30.  Plaintiff never gave Defendant permission to call Plaintiff's cell phone with a predictive dialer.

31.  Plaintiff never gave Defendant permission to call Plaintiff's cell phone with pre-recorded calls.

32.   The purpose of the Defendant Citibank's continued collection activity was to harass, annoy, abuse, or oppress Plaintiff, so that the Plaintiff pays the debt that Plaintiff does not owe.

33.   The reason Citibank has collected, and continued to collect, on a debt Plaintiff does not owe is Citibank believes that by continuing to illegally call Plaintiff, that Plaintiff will pay this debt even though Plaintiff does not owe it.

34.   Other than paying the alleged debt, only this lawsuit will stop Defendant's collection actions.

35.   Even though Defendant knows its actions are illegal, it is perfectly willing to continue to act illegally.

## SUMMARY

36.   All of the above-described collection communications made to Plaintiff by Defendant and collection agents of Defendant were made in violation of the TCPA.

37.   Defendant Citibank repeatedly violated the TCPA with its illegal calls to Plaintiff's cell phone.

38.   The above-detailed conduct by Defendant of harassing Plaintiff in an effort to collect this debt was also an invasion of Plaintiff's privacy and resulted in actual damages to the Plaintiff.

39.    The above detailed conduct by Defendant reflects its knowledge and appreciation for the harm that would naturally and likely happen to Plaintiff and with full knowledge thereof that Defendant willfully, maliciously, recklessly, and/or negligently undertook its actions and it was successful in causing the harm to the Plaintiff that Defendant wanted to cause.

40.    The collection activities by Defendant and its agents caused Plaintiff stress and anguish.

41.    Defendant's repeated attempts to collect this debt from Plaintiff and refusal to stop violating the law was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

42.    Plaintiff has suffered actual damages as a result of these illegal collection actions by Defendant in the form of monetary loss, anger, anxiety, emotional distress, fear, frustration, damage to reputation, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy, which was due to the illegal conduct of Defendant.

## RESPONDEAT SUPERIOR LIABILITY

43.    The acts and omissions of Defendant's agents who communicated with Plaintiff as more further described herein, were committed within the line and scope of their agency relationship with their principal the Defendant.

44.  The acts and omissions by these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

45.  By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principal the Defendant.

46.  Defendant is therefore liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the TCPA and Alabama tort law, in its attempts to collect this debt from Plaintiff.

47.  Defendant negligently and/or wantonly and/or hired, retained, trained or supervised incompetent debt collectors and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

48.  Regardless of any agency relationship, Defendant is liable under the TCPA for all calls made to Plaintiff's cell phone by Defendant or any other entity calling on behalf of Defendant and any entity calling Plaintiff to further Defendant's interests.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## (TCPA)
## (47 U.S.C. § 227)

49.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

50.   Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers by Defendant.

51.   Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal predictive dialers by Defendant.

52.   Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal pre-recorded (or machine generated) messages by Defendant.

53.   Each call is a separate violation and entitles Plaintiff to statutory damages against Defendant in the amount of at least $500.00 per call and Plaintiff requests that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call.

54.   All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or

that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.

55. All of the violations of the TCPA proximately caused the injuries and damages set forth in this Complaint.

## COUNT II.

## INVASION OF PRIVACY

56. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

57. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendants violated Alabama state law as described in this Complaint.

58. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

59. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions"

including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

60.   Defendant and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

61.   Defendant and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

62.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

63.   The conduct of Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions

and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

64.     The conduct of Defendant went beyond the bounds of reasonableness in the collection of the alleged debt for all of the reasons asserted in this Complaint and based upon the evidence which will be presented at trial.

65.     As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

66.     All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

## COUNT III.

### NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

67.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

68.     Defendant negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

69.     Had Defendant hired competent collectors, the violations described in this Complaint would not have occurred.

70.   Had Defendant properly trained and/or supervised the collectors, the violations described in this Complaint would not have occurred.

71.   Defendant carried out its hiring, supervision and training activities in a negligent manner and also in a reckless, malicious, and/or intentional manner.

72.   Defendant knew that the actions it was taking against the Plaintiff would likely, and certainly, cause the exact type of injuries and damages that Plaintiff suffered at the hands of Defendant.

## COUNT IV

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

73.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

74.   Defendant owes a duty to anyone it comes in contact with to act reasonably so as to not unreasonably cause harm.

75.   Defendant has assumed a duty to act reasonably towards Plaintiff and not to unreasonably cause Plaintiff harm.

76.   Defendant owes a duty to consumers against whom it is collecting to act reasonably.

77.   All of the actions described in this Complaint demonstrate that Defendants did not act reasonably towards the Plaintiff.

78.   Defendant, by its described conduct, breached its duty to act reasonably towards Plaintiff.

79.   Defendant proximately caused injuries and damages to Plaintiff which were of the precise nature that Defendant anticipated causing when it breached its duty to act reasonably.

80.   Defendant knew, or should have known, that its conduct was likely to lead to the Plaintiff's injuries yet it acted despite this knowledge.

81.   Defendant acted with full knowledge and with the design and intent to cause harm to Plaintiff.

82.   Defendant was successful in its design, intent, and plan to cause harm to Plaintiff and this is the corporate policy of Defendant when dealing with consumers who do not pay debts that Defendant alleges are owed.

83.   Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

84.   Defendant violated all of the duties Defendant had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

85.   It was foreseeable, and Defendant did in fact foresee it, the actions of the Defendant would lead and did lead to the exact type of harm suffered by Plaintiff.

86.   Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

87.   Defendant invaded the privacy of Plaintiff as set forth in Alabama law.

88.   Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

89.   As a result of this conduct, action, and inaction of Defendant, Plaintiff has suffered damage as set forth in this Complaint.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant Citibank for all damages allowable (including statutory, actual, compensatory, nominal and punitive), costs, expenses, fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

**Attorneys for Plaintiff**

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

**Attorney for Plaintiff**

**Serve defendant via certified mail at the following address:**

Citibank (South Dakota) N.A.
P.O. Box 6500
Sioux Falls, SD 57117